**Opinion filed December 10, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00152-CV

_____

## IN THE INTEREST OF A.R., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 9608-CX**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and father of A.R.  The mother filed an appeal.  On appeal, she presents five issues: one in which she complains of the trial court's failure to grant a continuance and four in which she challenges the sufficiency of the evidence.  We affirm the trial court's order of termination.

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020).  To terminate parental rights, it must be shown by clear and convincing evidence that the parent

has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), and (O). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being, that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, and that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parents for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not

2

limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record reflects that the Department became involved with Appellant in 2019 when she went into labor early and delivered A.R. prematurely. The initial intake related to drug use by Appellant. At the hospital, Appellant tested positive for marihuana and methamphetamine. A.R.'s meconium tested positive for marihuana, amphetamine, and methamphetamine. A.R. spent over six weeks in the hospital after she was born.

The Department and Appellant participated in the creation of a family service plan after A.R. was removed. The trial court made the family service plan an order of the trial court. Appellant, however, continued to test positive for drugs and eventually quit submitting to the drug tests that were requested by the Department and required by the trial court. The trial court deemed Appellant's no-shows to be failed drug tests. In addition to the drug-related issues, Appellant failed to comply with some of the other provisions of her family service plan.

Upon her release from the hospital, A.R. was initially placed in foster care for two months. She was then placed with her paternal grandmother; however, after two months there, the grandmother notified the Department that she was no longer able

3

to take care of A.R. A.R. was then returned to the foster home where she had been placed originally, and she remained in that home at the time of trial. The foster home was an appropriate home, and the foster parents loved A.R. and were able to meet all of her needs. The permanency case manager for the Department testified that A.R. was doing very well in her foster home. The foster parents intend to adopt A.R. if she becomes available for adoption. The case manager believed that termination of Appellant's parental rights would be in A.R.'s best interest.

In her third, fourth, and fifth issues, Appellant challenges the legal and factual sufficiency of the evidence to prove grounds (D), (E), and (O). We need only address her challenge to the trial court's finding under Section 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds).

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.* "A mother's use of drugs during pregnancy may amount to conduct that endangers the physical and emotional well-being of the child." *In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.). A parent's drug addiction

and its effect on the parent's life and ability to parent a child may establish an endangering course of conduct. *Id.* at 125–26 (citing *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 84 (Tex. App.—Dallas 1995, no writ)).

Based upon evidence of Appellant's use of methamphetamine and marihuana while pregnant with A.R., A.R.'s positive drug test results shortly after birth, and Appellant's continued use of drugs after removal, the trial court could have found by clear and convincing evidence that Appellant had engaged in a course of conduct that endangered A.R. We hold that the evidence is legally and factually sufficient to uphold the trial court's finding as to Appellant under subsection (E). Accordingly, we overrule Appellant's fourth issue. Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsection (E), we need not reach Appellant's third and fifth issues. *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35.

In her second issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding that termination of her parental rights was in the best interest of A.R. Appellant used methamphetamine and marihuana while pregnant with A.R. Both Appellant and A.R. tested positive for these drugs near the time of A.R.'s birth. Appellant continued to use drugs after A.R.'s birth and failed to complete the services that were required for A.R. to be returned to Appellant. The record also reflects that Appellant had been arrested just a few days prior to the termination hearing.

A.R. had been placed in an adoptive foster home where she was loved and where all of her needs were being met. She had been in that foster home for most of her life. The case manager testified that it would be in A.R.'s best interest to terminate Appellant's parental rights.

Based upon the evidence presented in this case, we defer to the trial court's finding as to the child's best interest. *See C.H.*, 89 S.W.3d at 27. We hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in A.R.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the child's desires (A.R. was too young to express any desire), the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's use of methamphetamine, and the stability of the placement, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of A.R. *See id.* We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. We overrule Appellant's second issue.

In her first issue, Appellant asserts that the trial court abused its discretion when it failed to grant a continuance and an extension of the dismissal date pursuant to an emergency order issued by the Texas Supreme Court in response to the COVID-19 pandemic. *See Seventeenth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 119 (Tex. 2020); *see also* FAM. § 263.401(b) (permitting an extension of up to 180 days). The above-referenced Seventeenth Emergency Order was in effect at the time of the final hearing on termination. That order provided in relevant part as follows:

3. Subject only to constitutional limitations, all courts in Texas *may in any case*, civil or criminal—*and must to avoid risk* to court staff, parties, attorneys, jurors, and the public—without a participant's consent:

a. except as provided in paragraph (b), modify or suspend any and all deadlines and procedures, whether

6

prescribed by statute, rule, or order, for a stated period ending no later than September 30, 2020;

   b. in all proceedings under Subtitle E, Title 5 of the Family Code, specifically including but not limited to Section 263.401(b):

      (i) modify or suspend a deadline or procedure—whether imposed by statute, rule, or order—for a stated period not to exceed 180 days;

      (ii) extend the dismissal date for any case previously retained on the court's docket for an additional period not to exceed 180 days from the date of this Order.

*Seventeenth Emergency Order*, 609 S.W.3d at 120 (emphasis added).

When the case was called for trial via Zoom on June 2, 2020, Appellant's trial counsel announced "not ready" and requested a continuance based upon the *Seventeenth Emergency Order*, which was issued one week prior to the date of the final hearing. The Department and the child's attorney ad litem opposed Appellant's request for a continuance. The trial court denied the request and proceeded to trial.

A trial court's decision to grant or deny a motion for continuance is a matter within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). Pursuant to the *Seventeenth Emergency Order*, trial courts were given the discretion to extend the statutory dismissal date in a case involving the termination of parental rights. Nothing in the record before us indicates that the trial court abused its discretion or acted in any manner that caused a risk to court staff, the parties, the witnesses, or the attorneys. It was well within the trial court's discretion to deny Appellant's request for a continuance despite any assertion that Appellant needed more to time to complete her services because the COVID-19 pandemic had disrupted her services. The record reflects that Appellant had quit participating in her services prior to the beginning of the COVID-19 pandemic, that

all of her services could have been done "virtually," and that she did not even appear—via Zoom or otherwise—for the final hearing on termination.

Moreover, we note that Appellant's motion for continuance did not comply with the Texas Rules of Civil Procedure. Rule 251 provides that a continuance shall not be granted "except for sufficient cause supported by affidavit" or by consent of the parties or operation of law. TEX. R. CIV. P. 251. We presume that a trial court does not abuse its discretion when it denies a motion for continuance that fails to comply with Rule 251's requirement that the motion be "supported by affidavit." *Villegas*, 711 S.W.2d at 626.

Under the circumstances in this case, we cannot hold that the trial court abused its discretion when it denied Appellant's request for a continuance of the trial setting. We overrule Appellant's first issue.

We affirm the order of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE

December 10, 2020

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.